**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DEANDRE J. WHITE, | ) | |
| Movant, | ) ) ) | |
| v. | ) | 4:23-CV-1278 RWS |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Deandre White's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion to vacate appears to be time-barred. Consequently, the Court will order movant to show cause as to why the motion should not be summarily dismissed.

### Background

On May 10, 2022, movant pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(c)(1)(A) and possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1). *See United States v. White*, Case No. 4:20-CR-460 RWS (E.D. Mo.). On September 1, 2022, the Court sentenced movant to 171 months of imprisonment, followed by five years of supervised release. *Id.* Movant did not appeal his conviction and sentence to the Eighth Circuit Court of Appeals.

### Movant's Motion to Vacate

On October 2, 2023, movant placed a document in the prison mailing system at the Federal Correctional Institution in Forrest City, Arkansas, titled, "Motion to Vacate, Set Aside, Or Correct

a Sentence Pursuant to 28 U.S.C. § 2255." ECF No. 1. Although the motion to vacate is not on a Court-provided form, it will be construed as properly brought under § 2255.

Movant asserts he is entitled to relief because his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g) is unconstitutional following the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022).[1] He notes that pursuant to *Bruen*, at least one Circuit has found § 922(g) unconstitutional as applied to certain predicate felony convictions, and this Court should follow its lead. *See, e.g., Range v. Att'y Gen.*, 69 F.4th 96 (3d. Cir. 2023) (finding § 922(g)(1) unconstitutional as applied to a defendant previously convicted of making a false statement on his food stamp application).

With his motion to vacate, movant has also filed a "motion for equitable tolling." ECF No. 2. Movant acknowledges this action is untimely, but seeks the Court to apply equitable tolling for the following reasons:

> Roughly one and one-half months ago, Petitioner, with the assistance of other inmates at the prison formulated a motion under 28 U.S.C. § 2255 – this work had begun in the spring. The deadline for filing was September 1st, 2023, however, in mid-August as the motion was set to be filed, the Medium Security facility was locked down for many days not allowing either Petitioner or those assisting him (BOP Law Library Clerks and an inmate who is knowledgeable in the law) access to the legal library or to the typewriter for many days. Further, Petitioner was transferred to another prison in mid-August and his property – including the Court paperwork he and the others were working on, using for his § 2255 – was separated

---

[1] In *Bruen*, the Supreme Court held unconstitutional a State of New York's penal code provision making it a crime to possess a firearm outside the home without a license, when licensing required applicants to satisfy a "proper cause" for possessing a firearm by "demonstrat[ing] a special need for self-protection distinguishable from that of the general community." 142 S. Ct. at 2123. The Supreme Court determined that all lower courts had erred in applying means-end scrutiny of statutes regulating firearms, finding that statutes regulating conduct protected by the Second Amendment are presumptively unconstitutional unless the government can show that "it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129-30. Because the State of New York only issued public-carry licenses when an applicant demonstrated a special need for self-defense, the *Bruen* Court found "the State's licensing regime violates the Constitution." *Id.* at 2122.

2

>from him for a short time, and both he and the legal records were separated from those working. Nonetheless the motion was finished despite the lockdowns and separation, and has been mailed to this Court. Petitioner realizes that this does represent a delay, yet those factors were beyond his control[.]

*Id.*

### Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

>A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>>(1) the date on which the judgment of conviction becomes final;
>>
>>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is  removed, if the movant was prevented from making a motion by such governmental action;
>>
>>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

3

A review of the instant motion to vacate indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. Here, movant was sentenced on September 1, 2022. From that point, he had fourteen days to file an appeal, which he did not do. *See* Fed. R. App. Proc. 4(b)(1). That fourteen-day deadline expired on September 14, 2022. On that date, movant's judgment became final. Under 28 U.S.C. § 2255(f)(1), movant had one year from September 14, 2022 to timely file his § 2255 motion. That period ended on September 14, 2023. Movant did not file the instant motion until October 2, 2023 which is past the one-year statute of limitations deadline.

Movant admits his motion is untimely, but seeks the Court to apply equitable tolling. The limitations period for 28 U.S.C. § 2255 motions is not jurisdictional and is therefore subject to the doctrine of equitable tolling. *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016). Nevertheless, the doctrine of equitable tolling provides an "exceedingly narrow window of relief." *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). "The one-year statute of limitation may be equitably tolled only if the movant shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). The extraordinary circumstances must not be attributable to the movant and must be beyond his or her control. *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009). The movant must also demonstrate that he acted with due diligence in pursuing his petition. *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). The use of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002).

Movant claims he began working on his motion to vacate in "the spring." In mid-August the institution in which he was housed was "locked down for many days," preventing him from accessing the law library clerks, the law library itself, an inmate who was assisting him, and a typewriter. Around the same time, movant asserts he was transferred to another institution and did not have access to his legal records. Essentially, movant asserts he was unable to work on the instant motion between the middle of August 2023 and September 14, 2023 – the date the motion to vacate was due.

The Court does not find that equitable tolling is appropriate here. That doctrine applies where "extraordinary circumstances beyond a prisoner's control prevent timely filing" and "the prisoner has demonstrated diligence in pursuing the matter." *United States v. Martin*, 408 F.3d 1089, 1093-1095 (8th Cir. 2005). Movant has not shown any extraordinary circumstances that prevented him from filing earlier, and movant was not diligent in pursuing this matter. *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022) was decided on June 23, 2022. Movant was sentenced on September 1, 2022 after *Bruen* was decided. Movant argues he started working on the instant motion to vacate in "the Spring" and that circumstances beyond his control hindered him from working on the motion starting in "mid-August" of 2023, one month before the filing was due on September 14, 2023. The fact that movant did not begin to work on the instant motion until several months after he was sentenced and after *Bruen* was issued disputes any claim that movant was diligent in pursuing this matter.

To the extent movant is arguing that his time for filing should not start until the date the Third Circuit issued *Range v. Attorney General United States of America*, 69 F.4th 96 (3rd Cir. 2023), such an argument is misguided. While *Range* found § 922(g) unconstitutional as applied to

5

certain predicate felony convictions,[2] "the limitations period in § 2255(f)(3) can only be tolled by the new recognition of a right by the Supreme Court." *United States v. Hackworth*, 2023 WL 6587977, at *1 (D. Neb. Oct. 10, 2023) (citing *E.J.R.E.*, 453 F.3d at 1098 ("a decision taken from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under § 2255")).

The Court further notes that even if *Range* tolled movant's time to file a motion to vacate, which it does not, movant's claims would fail on its merits. Following *Bruen*, the Eighth Circuit concluded that the felon-in-possession statute was constitutional, and there was "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *See United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023), *petition for reh'g filed*, No. 22-2870 (8th Cir. July 14, 2023); *see also United States v. Voelz*, 66 F.4th 1155, 1164 (8th Cir. 2023). The Court of Appeals found that nothing in the Supreme Court's decision recognizing an individual right to keep and

---

[2]The Fifth Circuit, in *United States v. Daniels*, No. 22-60596, 2023 WL 5091317, *15, overturned a defendant's § 922(g)(a) conviction because it failed to pass constitutional muster under the Second Amendment. The Fifth Circuit took issue with the fact that the defendant in the case, Daniels, had not been asked whether he was under the influence of marijuana when he was found driving with guns in his possession, nor had he had his blood tested to see if he was under the influence. The Fifth Circuit specifically found:
> As applied to Daniels, § 922(g)(3) is a significantly greater restriction of his rights than were any of the 19th-century laws. Although the older laws' bans on "carry" are likely analogous to § 922(g)(3)'s ban on "possess[ion]," there is a considerable difference between someone who is actively intoxicated and someone who is an "unlawful user" under § 922(g)(3). The statutory term "unlawful user" captures regular users of marihuana, but its temporal nexus is vague—it does not specify how recently an individual must "use" drugs to qualify for the prohibition. Daniels himself admitted to smoking marihuana fourteen days a month, but we do not know how much he used at those times, and the government presented no evidence that Daniels was intoxicated at the time he was found with a gun. Indeed, under the government's reasoning, Congress could ban gun possession by anyone who has multiple alcoholic drinks a week from possessing guns based on the postbellum intoxicated carry laws. The analogical reasoning *Bruen* prescribed cannot stretch that far.

*United States v. Daniels*, 2023 WL 5091317, *8.

bear arms "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).

For these reasons, movant will be required to show cause why this action should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than **twenty-one (21) days from the date of this Order**, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this __27th__ day of October, 2023.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE